OPINION OF THE COURT
Leon A. Beerman, J.
Defendant was convicted after a jury trial of the crimes of criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree, criminal possession of a controlled substance in the fourth degree, criminal *284 use of drug paraphernalia in the second degree and menacing (three counts). He was sentenced by this court to serve concurrent indeterminate terms of incarceration of 1 to 3 years for his felony convictions and maximum periods of incarceration for the misdemeanor convictions. The court, after a consideration of all of the facts and circumstances of the case, sentenced defendant to the minimum allowable term of imprisonment which was mandatory after a conviction on the felony counts.
He now moves for an order modifying or vacating the sentences imposed. Although defendant concedes that he received the minimum lawful sentences, he asks that the court resentence him because of extraordinary circumstances arising after the imposition of sentence.
Apparently, defendant’s wife suffered severe injuries as a result of a traffic accident which has rendered her completely disabled and unable to attend to her or her family’s affairs. His 16-year-old daughter is now responsible for the maintenance of their property and other matters. Defendant also points out his productive and positive background and adjustment in prison in support of his motion.
There is no authority in the Criminal Procedure Law for the reduction of sentences after the entry of a judgment unless it was "unauthorized, illegally imposed or otherwise invalid as a matter of law” (CPL 440.20 [1]).
Although defendant acknowledges the inability of the court to grant the relief under the statute, he argues that the court may, in the exercise of its discretion, reduce the sentence in the interest of justice or pursuant to a writ of error coram nobis.
The article cited by defendant The Writ of Error Coram Nobis by Judge Stanley Fuld, printed in the New York Law Journal on June 5 (at 2212, col 1), 6 (at 2230, col 1), and 7 (at 2248, col 1), 1947 was carefully reviewed by the court. Each reference discussed therein called its attention to some error occurring at the time of the judgment and was not addressed to facts which occurred and developed at a subsequent time and not in connection with the case.
" 'Coram nobis’ is to bring attention of court to, and obtain relief from, errors of fact, such as a valid defense existing in facts of case, but which, without negligence on defendant’s part, was not made, either through duress or fraud or excusable mistake, where facts did not appear on face of record, and *285 * * * if known * * * would have prevented rendition of the judgment questioned. People v. Tuthill, 32 Cal 2d 819, 198 P.2d 505, 506.” (Black’s Law Dictionary 304 [5th ed 1979].)
Thus coram nobis must relate to an error of some kind that took place at the time of judgment.
The defendant does not place in issue any error or misunderstanding at the time of the sentence execution or deprivation of any constitutional right but relies on an existing set of circumstances beyond his control which took place during his incarceration.
As a result of his tenuous contention, the defendant asserts, as an alternative, the consideration in the interest of justice.
An application in the interest of justice does not replace coram nobis.
After the entry of a judgment or the commencement of a sentence, the court has been unable to discover any provision in the law for a resentence in the interest of justice when a situation arises at a later time which would otherwise warrant such consideration.
Although there may be other channels this defendant may traverse for the remedy he is seeking this application is unfortunately without sanction.
Accordingly, neither the discretion given the court under its interest of justice power nor coram nobis allows for a resentence of defendant under the grounds advanced by him in this motion. Therefore, his motion is denied.